# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Austin J. Davis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:25-cv-02756-TMC |
| v. ) | |
| ) | **ORDER** |
| Corporal Jose Olivera, Lieutenant ) | |
| Joshua Rogers, Officer Zach Neal, ) | |
| Mauldin Police Department, and ) | |
| Kellets Korner, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Austin J. Davis, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 against Defendants (ECF No. 11), seeking a temporary restraining order ("TRO") (ECF No. 1) and other relief. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a United States Magistrate Judge for pretrial handling. The magistrate judge issued an initial Report and Recommendation ("Report"), concluding that Plaintiff failed to show he can satisfy the requirements of *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), and recommending the court deny Plaintiff's motion for a TRO. (ECF No. 15). The Report was mailed to Plaintiff at the address he provided the court. (ECF No. 16). Because the Report has not been returned as undeliverable, Plaintiff is presumed to have received the Report.

Plaintiff was advised of his right to file specific objections to the Report within 14 days of service, (ECF No. 15 at 11), but failed to do so, and time has now expired.

## Case Summary

Plaintiff alleges that on December 11, 2024, Defendant officers conducted an illegal traffic stop of his vehicle without probable cause or reasonable suspicion. (ECF No. 11-1 at 1). Defendant officers, who indicated Plaintiff was speeding, demanded Plaintiff provide identification and Plaintiff presented a "passport card." *Id*. Defendant officers concluded Plaintiff was operating a motor vehicle under a suspended license, without insurance and without proper license plate decals, and subsequently arrested Plaintiff. *Id*. at 1–2. Defendants then seized Plaintiff's automobile and confiscated his handgun. *Id*. at 2.

Plaintiff asserts Defendants abridged his rights under the Fourth Amendment by arresting him without probable cause, unreasonably seizing his property and using excessive force in effectuating his arrest. *Id*. at 2–3. Plaintiff also asserts claims for an "impermissible taking" under the Fifth Amendment, for due process violations under the Fourteenth Amendment, for suppression of free speech and free association under the First Amendment, for violations of the Civil Rights Act of 1871, and for defamation under state law. *Id*. at 2–6.

Plaintiff seeks a TRO "to halt the unlawful auction of his vehicle" and for the immediate return of his vehicle following resolution of his underlying claims. (ECF

No. 1). Plaintiff contends that because the traffic stop and arrest were unconstitutional, the subsequent seizure of his vehicle was unlawful. *Id.* at 2. Plaintiff also argues that in exercising control over his vehicle, Defendants took his property without due process of law. *Id*.

The magistrate judge determined that Plaintiff is not entitled to preliminary relief under the *Winter* test. In particular, the magistrate judge concluded that Plaintiff did not show that he is likely to succeed on the merits of his claims, noting that the "unauthorized deprivation of personal property by a state official does not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss" and that South Carolina law provides such procedures. (ECF No. 15 at 8). And, in light of the procedures available under South Carolina law, the magistrate judge also concluded that Plaintiff has not shown that he will suffer irreparable harm or that he lacks an adequate remedy at law. *Id*. at 10.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may

accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful

4

of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## Discussion

The court has carefully reviewed the Report and the record and finds no reason to deviate for the recommendations set forth therein. Although Plaintiff has not objected to the Report, the court nonetheless has applied a *de novo* standard of review and **ADOPTS** the findings and recommendations in the Report (ECF No. 15) and incorporates them herein. Additionally, to the extent that Plaintiff's motion asks the court to examine and pass upon the constitutionality of Defendants' conduct in connection with an ongoing state criminal matter, this court is prohibited from doing so. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *see Gilliam v. Foster*, 75 F.3d

881, 903 (4th Cir. 1996) (explaining that under *Younger*, a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances").

Plaintiff's motion for a TRO (ECF No. 1) is, therefore, **DENIED**.

**IT IS SO ORDERED.**

/s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
August 14, 2025

## NOTICE OF RIGHT TO APPEAL

**The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**