# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Austin J. Davis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:25-cv-02756-TMC |
| v. ) | |
| ) | **ORDER** |
| Corporal Jose Olivera, Lieutenant ) | |
| Joshua Rogers, Officer Zach Neal, ) | |
| Mauldin Police Department, and ) | |
| Kellets Korner, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Austin J. Davis, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 against Defendants (ECF No. 11), seeking injunctive relief and compensatory damages. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a United States Magistrate Judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss Defendants Kellets Korner, Inc. and the City of Mauldin Police Department (CMPD) from this action. (ECF No. 21). The Report was mailed to Plaintiff at the address he provided the court. (ECF No. 22). Because the Report has not been returned as undeliverable, Plaintiff is presumed to have received the Report. Plaintiff was

advised of his right to file specific objections to the Report within 14 days of service, (ECF No. 21 at 10), but failed to do so, and time has now expired.

## Case Summary

Plaintiff alleges that on December 11, 2024, Defendant officers conducted an illegal traffic stop of his vehicle without probable cause or reasonable suspicion. (ECF No. 11-1 at 1). Defendant officers, who indicated Plaintiff was speeding, demanded Plaintiff provide identification and Plaintiff presented a "passport card." *Id*. Defendant officers "accessed the NCIC database according to [CMPD] policy" and concluded Plaintiff was operating a motor vehicle under a suspended license, without insurance and without proper license plate decals, and subsequently arrested Plaintiff. *Id*. at 1–2. Defendants then seized Plaintiff's automobile and confiscated his handgun. *Id*. at 2.

Plaintiff asserts Defendants abridged his rights under the Fourth Amendment by arresting him without probable cause, unreasonably seizing his property and using excessive force in effectuating his arrest. *Id*. at 2–3. Plaintiff also asserts claims for an "impermissible taking" under the Fifth Amendment, for due process violations under the Fourteenth Amendment, for suppression of free speech and free association under the First Amendment, for violations of the Civil Rights Act of 1871, and for defamation under state law. *Id*. at 2–6.

With respect to Defendant CMPD, Plaintiff alleged Defendant officers, consistent with unspecified CMPD policies and practices, accessed to NCIC database to search for "other violations using [Plaintiff's] information without consent" which "constituted an unlawful search and seizure, a fishing expedition for evidence of wrongdoing" beyond "the scope of a lawful traffic stop." *Id*. at 3.

Defendant Kellets Korner, Inc., is presumably a private company which allegedly owns property where Plaintiff's vehicle was stored following the subject arrest, (ECF No. 1 at 3); however, there are no allegations in the complaint specifically regarding the conduct of Defendant Kellets Korner, Inc.

## Report

The magistrate judge determined that Plaintiff's claims against Defendant CMPD fail to identify any governmental policy or custom that caused any alleged constitutional violations. (ECF No. 21 at 9). And, because a "municipality is responsible only when the execution of its policy or custom—made by its lawmakers or individuals whose acts 'may fairly be said to represent official policy'—inflicts injury," id. at 9 (quoting *McMillian v. Monroe Cnty*., 520 U.S. 781, 784 (1997)), the magistrate judge recommends the court exercise its authority under 28 U.S.C. § 1915(e)(2)(B) to dismiss this action as to the City of Mauldin Police Department for failure to state a claim.

As to Defendant Kellets Korner, Inc., the magistrate judge determined that Plaintiff has not alleged facts showing that it is a state actor or that it was acting under color of state law and that Plaintiff "makes no allegations that Kellets Korner had any direct, personal involvement in the events underlying Plaintiff's claims as to any constitutional violations." (ECF No. 21 at 8). Thus, the magistrate judge recommends that the court likewise dismiss this action as to Defendant Kellets Korner, Inc.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including

those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not

mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## Discussion

The court has carefully reviewed the Report and the record and finds no reason to deviate for the recommendations set forth therein. Although Plaintiff has not objected to the Report, the court has nonetheless applied a *de novo* standard of review and **ADOPTS** the findings and recommendations in the Report (ECF No. 21) and incorporates them herein.

Plaintiff's action is hereby **DISMISSED** as to Defendants City of Mauldin Police Department and Kellets Korner, Inc.

**IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 14, 2025

## NOTICE OF RIGHT TO APPEAL

**The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**