IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Austin J. Davis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:25-cv-02756-TMC |
| v. ) | |
| ) | **ORDER** |
| Corporal Jose Olivera, Lieutenant ) | |
| Joshua Rogers, and Officer ) | |
| Zach Neal, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Austin J. Davis, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 against Defendants (ECF Nos. 1, 11), seeking injunctive relief and compensatory damages. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a United States Magistrate Judge for pretrial handling. The court previously entered orders denying Plaintiff's motion for a temporary restraining order and/or preliminary injunctive relief (ECF No. 53) and dismissing this action as to the City of Mauldin Police Department and Kellets Korner, Inc. (ECF No. 54). Now before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 32), recommending the court deny Plaintiff's motion/petition for abatement (ECF No. 28). Plaintiff filed objections to the Report. (ECF No. 34). The court is prepared

to rule on this matter and concludes a hearing is unnecessary as the materials presented by the parties adequately address and develop the issues.

## Case Summary

Plaintiff alleges that on December 11, 2024, Defendant officers conducted an illegal traffic stop of his vehicle without probable cause or reasonable suspicion. (ECF No. 11-1 at 1). Defendant officers, who indicated Plaintiff was speeding, demanded Plaintiff provide identification and Plaintiff presented a "passport card." *Id*. Defendant officers "accessed the NCIC database according to [CMPD] policy" and concluded Plaintiff was operating a motor vehicle under a suspended license, without insurance and without proper license plate decals, and subsequently arrested Plaintiff. *Id*. at 1–2. Defendants searched Plaintiff's vehicle and then had it towed. *Id*. at 2. Additionally, Defendants seized Plaintiff's handgun during the stop; Defendants returned it to him in February 2025. *Id*. at 2.

Plaintiff asserts Defendants abridged his rights under the Fourth Amendment by arresting him without probable cause, unreasonably seizing his property and using excessive force in effectuating his arrest. *Id*. at 2–3. Plaintiff also asserts claims for an "impermissible taking" under the Fifth Amendment, for due process violations under the Fourteenth Amendment, for suppression of free speech and free association under the First Amendment, for violations of the Civil Rights Act of 1871, and for defamation under state law. *Id*. at 2–6.

Plaintiff has now filed what he styles as a "petition for order to abate municipal court proceedings pending federal jurisdiction determination." (ECF No. 28). In it, Plaintiff states that he is "subject to administrative proceedings initiated by the City of Mauldin [South Carolina]" that arise from "alleged violations of administrative code provisions." (ECF No. 28 at 2). Plaintiff does not specifically describe these "administrative proceedings" but makes clear that they involve his arrest for operating a motor vehicle under a suspended license and without insurance or proper vehicle tags. *See id.* ("[T]he issues presented before this Court and those pending in municipal proceedings arise from the same operative facts and parties."). Plaintiff asks this court to issue an order continuing the municipal proceedings. It appears that, because the claims asserted in this case are based on the United States Constitution, Plaintiff believes the Supremacy Clause permits and, in fact, requires this court to stay the ongoing proceedings in Mauldin Municipal Court and rule on the constitutional claims he raises. According to Plaintiff, this court "has the authority and duty to enjoin conflicting subordinate administrative proceedings." *Id.*

## Report

Construing Plaintiff's "petition" as a motion for preliminary injunctive relief, the magistrate judge applied the standard set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). (ECF No. 32 at 6). The magistrate judge concluded that "Plaintiff has not shown that he can satisfy the test articulated in

*Winter*," noting that although "Plaintiff contends that the issues presented in this case and those in the municipal proceedings arise from the same operative facts and parties" he "does not describe those operative facts and parties in his Motion, nor does he explain what type of proceeding is occurring in the municipal court." *Id*. at 6–7. Thus, the magistrate judge determined that "Plaintiff has not shown he is likely to succeed on the merits of his claims or that he will suffer irreparable harm without this Court's intervention into any state court proceedings." *Id*. at 7.

Additionally, the magistrate judge concluded that the court should abstain from interfering with the municipal proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971). Specifically, the magistrate judge found that this action satisfies the requirements of *Middlesex County Ethics Comm. v. Garden State Bar Association*, 457 U.S. 423, 432–34 (1982), which calls for *Younger* abstention "when there is (1) an ongoing or pending state judicial proceeding, instituted prior to any substantial progress in the federal proceedings; that (2) implicates important state interests; and (3) provides the plaintiff with an adequate opportunity to raise the federal constitutional claim advanced in the federal lawsuit." (ECF No. 32 at 7). The magistrate judge further dismissed Plaintiff's preemption argument, citing the Fourth Circuit's observation that "[o]ne of the foundational virtues underlying *Younger* abstention is that states are perfectly able to provide adequate forums to

4

adjudicate federal law issues—including whether a particular matter is preempted by a federal statute." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 98 (4th Cir. 2022).

The Report, based on the foregoing, recommends that the court deny Plaintiff's motion (ECF No. 28) "to abate" the related state proceedings. (ECF No. 32 at 9).

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C.

2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

6

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## Discussion

Plaintiff submitted objections to the Report. (ECF No. 34). Accordingly, the court applies a *de novo* standard of review to the portions of the Report to which Plaintiff objects. *See Elijah*, 66 F.4th at 460–61.

Plaintiff first claims the magistrate judge erroneously characterized his motion "to abate" as one for preliminary injunctive relief. (ECF No. 34 at 1–3). Plaintiff seems to believe a "plea in abatement" is a means of raising in federal court a challenge to a state court's jurisdiction over a related matter. *Id.* at 2. This error, Plaintiff maintains, caused the magistrate judge to misapply the *Winter* test. *Id.* at 2–3. This objection is meritless. First, it is understandable that the magistrate judge would construe the motion "to abate" as one for some sort of injunctive relief in light of the fact that Plaintiff literally bases his motion on the premise that this court "has the authority and duty *to enjoin* conflicting subordinate administrative proceedings." (ECF No. 28 at 2) (emphasis added). Plaintiff specifically asks the court for an order "postponing," *id.* at 1, or staying, *id.* at 2, all proceedings in municipal court. Plaintiff is undoubtedly seeking relief in the nature of an injunction. "In common parlance, 'enjoin' means to require one 'to perform, or to abstain or desist from, some acts,' . . . and an injunction is '[a] court order prohibiting someone from doing

some specified act.'" *Teshome-Gebreegziabher v. Mukasey*, 528 F.3d 330, 333 (4th Cir.) (quoting Black's Law Dictionary 529, 1413 (6th ed. 1990)), *abrogated on other grounds by Nken v. Holder*, 556 U.S. 418 (2009). A "'stay' is a subset of the broader term 'enjoin'; it is a 'kind of injunction' directed at a judicial case or proceedings within it." *Id*. Plaintiff wants this court to intervene to stay, postpone, stop or otherwise halt the ongoing proceedings against him. Accordingly, the magistrate judge's construction of the motion as one for injunctive relief is well-taken.

Furthermore, a "plea in abatement" is not a special procedural mechanism that would apply in these—or perhaps any—circumstances. As a district court in this circuit aptly described it, pleas in abatement were part of the "ancient procedural dogma" long ago replaced by the Federal Rules of Civil Procedure. *See Mack v. Food Lion, LLC*, No. 5:23-cv-00327-M, 2025 WL 1934524, at *3 (E.D.N.C. July 15, 2025); *see also Wright v. Fitzpatrick*, No. 4:24-cv-132-WS-MJF, 2024 WL 1941773, at *1 (N.D. Fla. Mar. 25, 2024), *report and recommendation adopted*, No. 4:24CV132–WS/MJF, 2024 WL 1936257 (N.D. Fla. Apr. 30, 2024), *appeal dismissed*, No. 24-11595-G, 2024 WL 3841257 (11th Cir. June 14, 2024), *cert. denied*, 145 S. Ct. 1087 (2025).

Most importantly, Plaintiff has failed in his objections to address the magistrate judge's critical conclusion in the Report—under *Younger* abstention principles, it is unquestionably inappropriate for this court to assert itself into

8

ongoing state proceedings arising from Plaintiff's arrest, and the court perceives no extraordinary circumstances that would justify interference from this court in such proceedings. And, to the extent that Plaintiff relies upon the general idea that sometimes state proceedings are preempted by federal proceedings, the court concludes the application of *Younger* abstention is appropriate, as thoroughly explained in the Report. *See* (ECF No. 32 at 7–8) ("'Preemption alone does not defeat *Younger* abstention" as "'[o]ne of the foundational virtues underlying *Younger* abstention is that states are perfectly able to provide adequate forums to adjudicate federal law issues.'" (quoting *Air Evac EMS*, 37 F.4th at 98)). Plaintiff has failed to demonstrate that he cannot raise his constitutional challenges in the ongoing state proceedings; thus, the court will not stay such proceedings in order to rule on federal issues that the courts of South Carolina are clearly capable of addressing. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (explaining that the "respect for the state processes" required by *Younger* "precludes any presumption that the state courts will not safeguard federal constitutional rights"). The court finds Plaintiff's objections based on "preemption" to be without merit and rejects them.

Finally, even if *Younger* abstention was not appropriate in these circumstances, the court agrees with the magistrate judge's application of *Winter*. Applying a *de novo* standard, the court has carefully considered each of Plaintiff's

9

perfunctory arguments that, in fact, he has satisfied the *Winter* test and is entitled to injunctive relief. (ECF No. 34 at 5–7). The court agrees with the magistrate judge's analysis and conclusions with respect to the application of *Winter* for the reasons detailed in the Report. (ECF No. 32 at 6–7).

## Conclusion

Having carefully conducted a *de novo* review of the Report and the record and finding no reason to deviate from the recommendations set forth therein, the court overrules Plaintiff's objections (ECF No. 34), **ADOPTS** the findings and recommendations in the Report (ECF No. 32), and incorporates them herein. Accordingly, Plaintiff's motion "to abate" (ECF No. 28) is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 21, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.