IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Austin J. Davis,                            )<br>                                                    )<br>            Plaintiff,                        )<br>                                                    )<br>    v.                                            )<br>                                                    )<br>Corporal Jose Olivera, Lieutenant  )<br>Joshua Rogers, Officer Zach Neal,   )<br>                                                    )<br>            Defendants.                   )<br>_____)  | Civil Action No. 6:25-cv-02756-TMC<br><br>**ORDER** |

Plaintiff Austin J. Davis, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 against Defendants, alleging Defendants violated his constitutional rights in connection with a traffic stop and Plaintiff's subsequent arrest. (ECF No. 11). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a United States Magistrate Judge for pretrial handling. The court previously entered orders denying Plaintiff's motion for a temporary restraining order and/or preliminary injunctive relief, (ECF No. 53); dismissing this action as to the City of Mauldin Police Department and Kellets Korner, Inc., (ECF No. 54); and denying Plaintiff's petition/motion for "abatement", (ECF No. 57).

Now before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 59), recommending the court grant Defendants' motion for

judgment on the pleadings, (ECF No. 46), and deny Plaintiff's motion to amend the complaint, (ECF No. 45). The Report was mailed to Plaintiff at the address he provided the court and has been using throughout the litigation. (ECF No. 60). Because the Report has not been returned as undeliverable, Plaintiff is presumed to have received it. Plaintiff was advised of his right to file specific objections to the Report within 14 days of service and of the consequences for failing to do so. (ECF No. 59 at 28). Nonetheless, Plaintiff has not filed objections, and the time for doing so has expired.

## Case Summary

Plaintiff alleges that on December 11, 2024, Defendant Olivera conducted an illegal traffic stop of his vehicle without probable cause or reasonable suspicion. (ECF Nos. 11-1 at 1; 1-1 at 2). Defendant Olivera, who indicated that Plaintiff was passing other vehicles and had been stopped for speeding, directed Plaintiff to provide identification, and Plaintiff presented a "Passport Card." (ECF No. 11-1 at 1). Olivera requested "backup," and Defendant Officers Neal and Rogers responded. *Id*. Plaintiff alleges Defendant Neal forcibly removed him from the vehicle after Plaintiff stated that he did not consent, and Defendants placed him in handcuffs. Defendant Olivera then accessed the "NCIC database" and determined that Plaintiff was operating a motor vehicle under a suspended license, without insurance and without proper license plate decals, and he subsequently arrested Plaintiff. *Id*. at 1–

2. Defendants then searched Plaintiff's vehicle incident to arrest, *id.* at 2, confiscated Plaintiff's handgun, and had the vehicle towed on the grounds it was "unfit for roadways." *Id.* at 2; ECF No. 26 at 15.

Plaintiff asserts Defendants abridged his rights under the Fourth Amendment by initiating a traffic stop and then arresting him without probable cause, unlawfully accessing his "private" information through the NCIC database, unreasonably seizing his property and using excessive force in effectuating his arrest. (ECF No. 11-1 at 2–3). Plaintiff also asserts that Defendants referred to him during the incident as a "sovereign citizen" which constituted defamation, slander and libel. *Id.* at 4. Plaintiff also brings claims for an "impermissible taking" under the Fifth Amendment based on Defendants' alleged use of the NCIC database, for due process violations under the Fourteenth Amendment, for suppression of his rights to free speech and free association under the First Amendment, *id.* at 5, for violations of the Civil Rights Act of 1871, *id.* at 6, and for defamation under state law, *id.* at 2–6. Plaintiff seeks monetary damages as well as declaratory and injunctive relief. *Id.* at 7–8.

**Report**

Defendants filed a motion for judgment on the pleadings, (ECF No. 46), to which Plaintiff filed a response in opposition, (ECF No. 51). Relatedly, Plaintiff filed a motion to amend/correct the complaint, (ECF No. 45), which Defendants

opposed, (ECF No. 49). The magistrate judge has now issued a very thorough Report addressing both motions. (ECF No. 59).

*Defendants' motion for judgment on the pleadings (ECF No. 46)*

First, the magistrate judge concluded that Plaintiff failed to plausibly allege a Fourth Amendment violation related to the initial stop, noting that "Plaintiff's own allegations show that Olivera articulated reasonable suspicion to justify the traffic stop." (ECF No 59 at 11–12). As for the propriety of Defendants' post-arrest conduct, the magistrate judge found that the allegations in the complaint reflected that "Defendants had probable cause to arrest Plaintiff, conduct a search of his person and vehicle incident to his arrest, and impound his vehicle" because Defendant Olivera "determined that he was 'operating a motor vehicle under a suspended license, operating a motor vehicle without insurance, and operating a motor vehicle without plate decals.'" *Id*. at 12–13. Likewise, the magistrate judge determined that Plaintiff's conclusory allegations that Defendants forcibly removed him from the vehicle, without more, did not state a viable excessive force claim. *Id*. at 15–16.

As for Plaintiff's defamation and slander claims, the magistrate judge concluded they are subject to dismissal as well because such causes of action are not actionable under § 1983 and Plaintiff's allegations fail to establish a claim for defamation, slander or libel under state law. *Id*. at 16–18.

With regard to Plaintiff's claim that Defendants' access of his information via the NCIC database somehow amounted to an unconstitutional "taking" under the Fifth Amendment, magistrate judge concluded such claims are frivolous, as he does not have a reasonable expectation of privacy in such public records. *Id*. at 18–20. To the extent Plaintiff contends that the seizure of his vehicle and handgun violated the Fifth Amendment, the magistrate judge found that the Fifth Amendment is not implicated as "the Complaint does not allege that Plaintiff's property was seized for public use nor that it was seized through any governmental power of eminent domain." *Id*. at 19.  Additionally, the magistrate judge considered whether the seizure of these items ran afoul of the Fourth Amendment but concluded it did not, noting that "[t]he Complaint alleges that the officers determined Plaintiff's vehicle was not insured and did not have plate decals" and, therefore, "could not have been legally driven." *Id*. at 20. Thus, the Report found that "Plaintiff has failed to allege that the seizure of his vehicle and its contents was unreasonable and in violation of the Fourth Amendment." *Id*.  And, with regard to Plaintiff's claims that the seizure of any of his property during this incident violated his due process rights under the Fourteenth Amendment, the magistrate judge noted that "the availability of a state cause of action for an alleged loss of property provides adequate procedural due process; in other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated." *Id*. at 22. The Report explains further

that "even if Defendants intentionally took Plaintiff's property, Plaintiff has a remedy under South Carolina law to obtain relief in state court," and, as a result, "has failed to state a claim under the Fourteenth Amendment." *Id*. at 23.

Finally, the Report addressed Plaintiff's First Amendment claims in detail, finding that Plaintiff's allegations, even if true, fail to establish a viable First Amendment claim based on Defendant's assessment that he might be a proponent of the "sovereign citizen" theory. *Id*. at 24–26. And, to the extent Plaintiff was bringing claims under the Civil Rights Act of § 1871, the Report found such claims duplicative of the § 1983 claims. *Id*. at 26–27. Based on the thorough analysis set forth in the Report, the magistrate judge recommended that the court grant Defendant's motion for judgment on the pleadings. *Id*. at 27.

*Plaintiff's motion to amend/correct the complaint (ECF No. 45)*

Plaintiff filed a motion to amend the complaint in order to clarify that Plaintiff is attempting to raise his claims under the Civil Rights Act of § 1866 instead of the Civil Rights Act of § 1871. (ECF No. 45 at 1). Noting that "[t]he proposed amended complaint contains nearly identical allegations as those presented in the original Complaint," the magistrate judge found that "the proposed amendment would be futile" and explained as follows:

> "[C]ontrary to Plaintiff['s] contention, the Civil Rights Act of 1866 was designed to protect against racial discrimination only, which does not appear to be the basis for the claims here." *Thomas v. Fuentes*, C/A No. 9:25-cv-10843-RMG-MGB, 2025 WL 2697663, at *3 (D.S.C. Aug. 22,

6

2025), *R&R adopted by* 2025 WL 2695251 (D.S.C. Sept. 22, 2025). Neither Plaintiff's original Complaint nor his proposed amended complaint assert claims of race discrimination. Thus, neither the Civil Rights Act of 1866, nor §§ 1981 or 1982, provide a basis for Plaintiff's claims. Rather, the appropriate vehicle for Plaintiff's specific allegations is 42 U.S.C. § 1983, which "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).

*Id*. at 8–9. Therefore, the magistrate judge recommended that the court deny Plaintiff's motion to amend as futile.

## Standard of Review

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of

the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## Discussion

The court has carefully reviewed the Report in light of the record and finds no clear error in the Report nor any other basis to deviate for the recommendations set

forth therein. Accordingly, the court **ADOPTS** the Report (ECF No. 59) and incorporates it as if set forth fully herein. Plaintiff's motion to amend/correct the complaint, (ECF No. 45), is **DENIED**; Defendants' motion for judgment on the pleadings, (ECF No. 46), is **GRANTED**.

      **IT IS SO ORDERED.**

/s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 10, 2025

## NOTICE OF RIGHT TO APPEAL

**The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**